**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Villa ZEPEDA, Defendant— Appellant.**

**No. 05–50908.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 15, 2006.

AUSA, Roger W. Haines, Jr., Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kurt D. Hermansen, Esq., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Carlos Villa–Zepeda appeals from his sentence imposed following his guilty plea to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villa–Zepeda contends that the district court erred by sentencing him to a term of 30 months when he only pled to the elements of 8 U.S.C. § 1326(a), which carries a maximum sentence of two years. He also contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law in light of the intervening Supreme Court decision *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (rejecting after *Shepard* the specific contention that a § 1326(b) enhancement cannot be applied where the defendant did not admit the prior conviction during a guilty plea); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres* even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.